United States District Court
Southern District of Texas
**ENTERED**
February 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LATRENT HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-25-0003 |
| US BANK NATIONAL ASSOCIATION | § | |
| as Trustee for Residential | § | |
| Mortgage Loan Trust 2020-1, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Michael Latrent Harris ("Plaintiff") filed this action against US Bank National Association ("Defendant") alleging breach of contract and unjust enrichment based on a foreclosure dispute.[1] Pending before the court is Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim of Defendant US Bank National Association as Trustee for Residential Mortgage Loan Trust 2020-1 ("Defendant's MTD") (Docket Entry No. 5). For the reasons stated below, Defendant's MTD will be granted, and this action will be dismissed with prejudice.

### I.  Background

Plaintiff executed a Note and Deed of Trust encumbering real property located at 4707 Schlipf Road, Katy, TX 77493 (the

---

[1] Plaintiffs' Original Petition ("Petition"), Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3, pp. 9-11 ¶¶ 8, 11, 12, 14, and 15. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

"Property").[2]  The Note and Deed of Trust were later transferred to Defendant.[3]   On March 7, 2023, after Defendant accelerated the Note's maturity date following Plaintiff's default, Defendant sold and bought the Property at foreclosure.[4]

Plaintiff filed this action against Defendant in the County Court at Law No. 2 of Waller County, Texas, and Defendant removed the action to this court.[5] The Petition alleges two claim:  breach of contract and unjust enrichment.[6]   The Petition alleges in relevant part:

> 6.  Plaintiff took out a mortgage with the Defendant for the property . . .
>
> 7.  In 2023, Plaintiff was away working on a job and had reached an agreement to sell the property. . . . Because of [a COVID] quarantine and the lock down, the Plaintiff

---

[2]Substitute Trustee's Deed, Exhibit 1 to Defendant's MTD, Docket Entry No. 5-1, pp. 2, 12.  The court takes judicial notice of the documents attached to Defendant's MTD, which are either public records, the court's own records, or documents referenced by the Petition and central the Petition's claims.  See 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (4th ed. suppl. July 12, 2024) ("[C]ourts resolving Rule 12(b)(6) motions may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned without converting the motion into one for summary judgment under Rule 12(d).").

[3]Notice of Substitute Trustee's Sale, Exhibit 1 to Defendant's MTD, Docket Entry No. 5-1, p. 10.

[4]Substitute Trustee's Deed, Exhibit 1 to Defendant's MTD, Docket Entry No. 5-1, pp. 2-3.

[5]Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3, p. 8; Notice of Removal, Docket Entry No. 1, p. 1.

[6]Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3, pp. 10-11.

then lost the deal referred to above.  Subsequently, the
Plaintiff could not find a job and ended up with a loss
mitigation strategy because of the inability to make
monthly mortgage payments.

8.    Unfortunately for the Plaintiff, the Defendant then
proceeded to auction off the property through
non-judicial foreclosure.  The Plaintiff then got an
attorney and a district court issued a Temporary
Restraining Order.  During this time the Plaintiff and
Defendant again entered into a loss mitigation
strategy. . . .

9.    Because of the Plaintiff's financial position, the
Plaintiff then filed for bankruptcy[.]

10.  . . . The [bankruptcy court] agreed on a sale just
to pay off the loan and keep the equity to move to a new
home. . . . [T]he Plaintiff got everything together, had
an open house, and immediately got three offers to buy
the house.

11.  Unbeknownst to the Plaintiff, shortly thereafter the
Plaintiff's realtor called and let the Plaintiff know
that the house was already foreclosed on.

12.  The Plaintiff never received a foreclosure notice
nor did Plaintiff's counsel. . . .

13.  Plaintiff asserts that the Defendant has breached
their agreements with the Plaintiff. . . .[7]

Defendant's MTD was filed on January 4, 2025.[8]  Plaintiff has

not filed a response.  Counsel for Defendant submitted to the court

that he has attempted to confer with Plaintiff's counsel multiple

times since removing the action and has received no response.[9]

_____

[7]Id. at 9-10.

[8]Defendant's MTD, Docket Entry No. 5.

[9]Joint Discovery/Case Management Plan Under Rule 26(f) Federal
Rules of Civil Procedure, Docket Entry No. 8, p. 1.

-3-

## II.  <u>Legal Standard</u>

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States,</u> 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom. Cloud v. United States,</u> 122 S. Ct. 2665 (2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal,</u> 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1974 (2007).

Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's Motion to Dismiss within 21 days, the motion is treated as unopposed.[10]  Failure to oppose the motion is not in itself grounds for granting the motion, however. <u>Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.,</u> 702 F.3d 794, 806 (5th Cir. 2012).  The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted.  <u>Id.</u>

---

[10]<u>See</u> Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

### III.  **Analysis**

**A.**  **Breach of Contract**

The elements of a breach-of-contract claim are "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." USAA Texas Lloyds Co. v. Menchaca, 545 S.W.3d 479, 501 n.21 (Tex. 2018).  "[A] claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 238 (5th Cir. 2014) (applying Texas law).

The Petition does not specify which contract is the basis for Plaintiff's claim — the Note, the Deed of Trust, the "agreement to sell the property,"[11] or some loss mitigation agreement.[12]  Moreover, the Petition does not allege what specific provisions of any of the agreements were breached or how Defendant's actions constituted a breach.  Instead, the Petition includes "[t]hreadbare recitals of the [breach-of-contract] elements," which "do not suffice" to satisfy the Rule 8 pleading standard.  Iqbal, 129 S. Ct. at 1949.[13]

---

[11]Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3, p. 9 ¶ 7.

[12]Id. ¶¶ 7-8.

[13]See Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3, pp. 10-11 ¶ 14 ("Plaintiff and Defendant entered into a legally binding agreement.  This contract is a valid and enforceable agreement for the performance of duties related to the
(continued...)

Defendant's MTD will therefore be granted as to Plaintiff's breach-of-contract claim.

**B.    Unjust Enrichment**

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." Heldenfels Brothers, Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is an equitable, quasi-contract theory, and it is unavailable where receipt of the disputed benefit is governed by a contract. Lone Star Steel Co. v. Scott, 759 S.W.2d 144, 154 (Tex. App.—Texarkana 1988).

The parties' mortgage relationship, including Defendant's foreclosure rights, was governed by the Note and Deed of Trust. Unjust enrichment is therefore unavailable. Moreover, Plaintiff fails to allege facts plausibly showing that Defendant engaged in "fraud, duress, or the taking of undue advantage." Heldenfeld Brothers, 832 S.W.2d at 41. Defendant's MTD will therefore be granted as to Plaintiff's unjust enrichment claim.

**C.    Amendment**

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Leave to amend is not automatic, but a district court needs a substantial reason

---

[13](...continued)
business relationship. Defendant failed to properly perform their contractual obligation. As such, Defendant is in breach of the contract. Defendant's breach is material in that the alleged breaches are all material obligations required under Contract and Texas law.").

to deny a party's request for leave to amend." <u>North Cypress</u> <u>Medical Center Operating Co., Ltd. v. Aetna Life Insurance Co.</u>, 898 F.3d 461, 477 (5th Cir. 2018) (internal quotation marks omitted). "'[A] movant [seeking to cure a defective pleading] must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.'" <u>D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable</u> <u>Annuity Life Insurance Co.</u>, 88 F.4th 602, 613-14 (5th Cir. 2023).

Plaintiff has not responded to Defendant's MTD and has not requested leave to amend. Plaintiff has not provided notice of any amendments he could make to cure the pleading deficiencies explained in Defendant's MTD. The court will therefore not grant leave to amend, and the court's dismissal of the Petition will be with prejudice.

## IV. <u>Conclusion and Order</u>

For the reasons stated above, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted. The Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim of Defendant US Bank National Association as Trustee for Residential Mortgage Trust 2020-1 (Docket Entry No. 5) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 5th day of February, 2025.

———————————————————
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE